Matter of Cherrington v New York City Tr. Auth. (2022 NY Slip Op 01874)





Matter of Cherrington v New York City Tr. Auth.


2022 NY Slip Op 01874


Decided on March 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 17, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Gesmer, Oing, JJ. 


Index No. 654270/20 Appeal No. 15538 Case No. 2021-02588 

[*1]In the Matter of Norris Cherrington et al., Petitioners-Appellants,
v
New York City Transit Authority, Respondent-Respondent.


Advocates for Justice, Chartered Attorneys, New York (Arthur Z. Schwartz of counsel), for appellants.
David I. Farber, Brooklyn (Robert K. Drinan of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered March 23, 2021, which denied the petition to vacate an arbitration award and confirmed the award, unanimously affirmed, without costs.
The court correctly concluded that the award was not irrational, as there was proof justifying the arbitrator's decision to give petitioner Norris Cherrington a 25-day suspension, namely, that he had violated respondent's zero-tolerance policy for workplace violence (see Matter of Peckerman v D & D Assoc., 165 AD2d 289, 296 [1st Dept 1991]). Petitioners' contention that the award is irrational because the arbitrator did not explain where Cherrington should have retreated to is unavailing, as "the path of analysis, proof and persuasion by which the arbitrator reached [his] conclusion is beyond judicial scrutiny" (id. [internal quotation marks and some brackets omitted]; see also Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 327 [1999] [courts "are not authorized to revisit" "the arbitrator's assessment of the evidence . . . or reasoning in fashioning the award"]).
The award also does not violate public policy. There are no public policy considerations which would prohibit an arbitrator from deciding if an employee should be disciplined for workplace violence or imposing a 25-day suspension for such violence (see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO, 99 NY2d 1, 7 [2002]).
In addition, the award does not create "an explicit conflict with other laws and their attendant policy concerns" (New York State Correctional Officers, 94 NY2d at 327). The laws cited by petitioners prohibit refusing to hire, discharging, or discriminating in compensation or the terms, conditions, or privileges of employment on the basis of race. The award had nothing to do with refusal to hire or discharge; indeed, the arbitrator declined respondent's request to dismiss Cherrington. As for discrimination in the terms, conditions, or privileges of employment, petitioners do not claim that any non-Black employees who engaged in conduct similar to Cherrington's were given lighter penalties. We note that respondent disciplined both former New York City Transit employee Mark Battaglia and Cherrington.
Petitioners' reliance on Matter of New York City Tr. Auth. v Phillips (162 AD3d 93 [1st Dept 2018], lv dismissed 31 NY3d 1139 [2018]) is unavailing. The court correctly found that Phillips is distinguishable from this matter.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2022